UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT GRUNDSTEIN,<br><br>          Plaintiff,<br><br>  vs.<br><br>WASHINGTON STATE BAR ASSOCIATION, *et al.*,<br><br>          Defendants. | No. C12-569RSL<br><br>ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER WITH NOTICE OR PRELIMINARY INJUNCTION WITH EXPEDITED HEARING |

      This matter comes before the Court on Plaintiff's request for a temporary restraining order <u>with notice</u> or a preliminary injunction with expedited hearing. Dkt. # 3; <u>see</u> Dkt. ## 1, 2. Plaintiff asks the Court to enjoin the Washington Supreme Court from taking any action to remove his license to practice as an attorney in Washington. Dkt. # 3. The Court DENIES the motion as premature.

      In a previous matter, the Court dismissed a nearly identical claim brought by Plaintiff based on the application of the <u>Younger</u> abstention doctrine. <u>Grundstein v. Wash. State Bar Ass'n</u>, No. C11-692RSL, Docket ## 23, 29 (W.D. Wash. Aug. 2011) (relying on <u>Younger v. Harris</u>, 401 U.S. 37, 40–41 (1971)). As the Court stated, "Absent 'extraordinary circumstances,' federal courts must abstain from enjoining pending state judicial proceedings if the proceedings implicate important state interests and afford

ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER - 1

plaintiff an adequate opportunity to litigate his federal claims." Id. (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). As state proceedings remain ongoing in this matter, the Court does not see why Younger does not continue to require abstention.

In any case, aside from the problem of Plaintiff's "likelihood of success on the merits," Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008), the Court finds that the motion is premature. "The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." Granny Goose Foods, Inc., v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 432 n.7 (1974). And, in the present case, Plaintiff has yet to serve a summons or complaint on any of the Defendants. There is thus no reasonable way for the Court to contact the Defendants to set up a briefing schedule or arrange a hearing.

Rather than leaving the matter languishing on the docket, the Court thinks it more expedient to deny the motion at this time for lack of Rule 65(a) notice to the Defendants, see id., without prejudice to his ability to bring it again at a reasonable time after he has properly served each Defendant. This course of action will also allow Plaintiff to address the looming Younger issue that doomed his prior action.

DATED this 11th day of April, 2012.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER - 2