UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT GRUNDSTEIN,

    Plaintiff,

vs.

WASHINGTON STATE BAR ASSOCIATION, *et al.*,

    Defendants.

No. C12-569RSL

ORDER GRANTING
IN PART PLAINTIFF'S
MOTION TO AMEND

This matter comes before the Court on Plaintiff's "Request to Amend Motion for Preliminary Injunction/TRO" (Dkt. # 29). The Court GRANTS the motion IN PART.

As the Court previously indicated, it would permit Plaintiff to amend his motion. Accordingly, the Court GRANTS Plaintiff's request to amend his motion and directs the Clerk of Court to STRIKE Plaintiff's original motion (Dkt. # 13).

Still, there remains a problem of form. "Grundstein asks this Court to supplement his filed motion for Preliminary Injunction/TRO with the legal analysis and Exhibits IA, IB, II and III referenced in this document." Mot. (Dkt. # 29) at 2. However, as the Court has told Plaintiff on multiple occasions, while "Plaintiff is free to file whatever arguments or exhibits he wishes in support of his motion for a preliminary injunction . . . [h]e must do so . . . **in a single, complete filing**—not in serial filings that preclude

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND- 1

Defendants from being able to frame a response with the full benefit of the time they are allotted by our Local Rules." Dkt. # 26; see Dkt. ## 7, 17. "The Court will not accept piecemeal amendments that would require both it and the parties to compare multiple documents just to determine the substance of Plaintiff's allegations." Dkt. ## 7, 17.

In other words, rather than asking the Court to consider multiple briefs (Dkt. ## 16, 19) or to replace portions of documents with arguments or facts set forth in other documents (Dkt. # 6), <u>Plaintiff must file a single complete document that incorporates all of his arguments and is accompanied by whatever supporting documentation he wishes the Court and Defendants to consider</u>. The Court thus declines "to supplement his filed motion" with his additional arguments. Dkt. # 29. Instead, Plaintiff is directed to file a single document that contains any and all arguments he wishes the Court to consider.[1] He should attach to that single motion whatever exhibits he wishes the Court to consider.[2] And his amended, **complete motion** should be noted for no earlier than the fourth Friday following his filing of that complete motion. Local Civil Rule 7(d)(3).

DATED this 9th day of May, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court would note for Plaintiff's benefit that his motion may not exceed 24 pages, Local Civil Rule 7(e)(3), and must comport with all of the requirements of Local Civil Rule 10. Briefs exceeding the page limit or not complying with Rule 10 will be struck.

[2] Again, to be clear, if Plaintiff wishes to subsequently amend his motion with either new argument or new exhibits, he must request the Court's permission. If the Court grants his request, he will need to re-file a single, complete motion that sets forth all of his arguments. And as is the case now, that filing will reset the briefing period.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND- 2