1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT GRUNDSTEIN,

                    Plaintiff,

          vs.

WASHINGTON STATE BAR
ASSOCIATION, *et al.*,

                    Defendants.

Case No. C12-569RSL

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS

          This matter comes before the Court on Plaintiff's "Corrected 2d Amended Motion

for TRO With Notice or Preliminary Injunction With Expedited Hearing" (Dkt. # 43)

and the Washington Supreme Court Defendants' "Motion to Dismiss under Fed. R. Civ.

P. 12(b)(1)" (Dkt. # 49).[1]  For the reasons set forth below, the Court DENIES Plaintiff's

motion and GRANTS Defendants' motion.  The Court DISMISSES each of Plaintiff's

requests for declaratory and injunctive relief.

## I.  BACKGROUND

          Plaintiff is no stranger to this Court.  Neither is his claim.  Mr. Grundstein was

admitted to practice law in Washington on April 25, 1991.  It does not appear that he

ever represented a paying client in Washington. Dkt. # 20-1 at 28.  Nevertheless, on

November 12, 2010, the Washington State Bar Association ("WSBA") filed formal

---

[1]  This motion was joined by each of the other Defendants.  Dkt. # 52.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

1  disciplinary proceedings against him, accusing him of, among other things, a long

2  history of frivolous and harassing filings in this state and others.  <u>Compare</u> Amended

3  Complaint (Dkt. # 8) at 8, <u>with</u> Dkt. # 20-1 (Bar Findings).  Ever since, Plaintiff has

4  waged a full-out assault against those proceedings in both state and federal court.

5       On February 28, 2011, Plaintiff requested that the Washington Supreme Court

6  enjoin his disciplinary proceedings.  His request was denied.

7       On April 25, 2011, he filed suit in this Court against the WSBA official who filed

8  the disciplinary complaint against him.  <u>See, e.g.</u>, Amended Complaint, <u>Grundstein v.</u>

9  <u>Eide</u>, No. C11-692RSL (W.D. Wash. June 20, 2011), ECF No. 18 (Lasnik, J.).  He asked

10  this Court to enjoin the disciplinary proceedings against him and to declare many of

11  Washington's Rules for Enforcement of Lawyer Conduct unconstitutional and

12  unenforceable.  <u>Id.</u>  Citing <u>Younger v. Harris</u>, 401 U.S. 37, 40–41 (1971), this Court

13  dismissed his claims.  Order of Dismissal, <u>Grundstein v. Eide</u>, No. C11-692RSL (W.D.

14  Wash. Aug. 17, 2011), ECF No. 23 (Lasnik, J.).

15       Two days later, Plaintiff filed a similar suit in King County Superior Court.  That

16  suit likewise ended in dismissal, as well as Rule 11 sanctions against Plaintiff.  <u>See</u> King

17  County Superior Court Case No. 11-2-28470-1 SEA.  While that action was pending the

18  Washington Supreme Court denied a second request by Plaintiff to enjoin the

19  proceedings against him.  <u>See</u> Washington Supreme Court Case No. 865051.

20       In any case, on September 26, 2011, Plaintiff's disciplinary proceeding took place

21  over Plaintiff's many objection with him in attendance.  On October 14, 2012, the

22  hearing officer issued a 28-page written Recommendation that detailed the allegations

23  against Plaintiff, her findings, and her ultimate recommendation that Plaintiff be

24  disbarred.  Dkt. # 20-1 at 1–28.  Plaintiff appealed those findings and recommendations

25  to the WSBA Disciplinary Board.  <u>See id.</u> at 36–40.  He also sought to introduce "new"

26  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

1   evidence.  Id.  On March 8, 2012, after "review[ing] the materials submitted by the

2   parties, hear[ing] oral argument, and consider[ing] the applicable case law and rules," the

3   Board adopted the hearing officer's findings and recommendation.  Id. at 42.

4           On April 3, 2012, Plaintiff appealed the Board's decision to the Washington

5   Supreme Court.  See id. at 44.  He filed the instant action against each Washington

6   Supreme Court justice, the WSBA, and various individuals and entities associated with

7   the WSBA the next day, see Dkt. # 8. after being informed that his appeal to the

8   Washington Supreme Court was untimely filed, Dkt. # 20-1 at 44.  He again asks this

9   Court to enjoin the proceedings against him and award him declaratory relief.  Dkt. # 8 at

10  39–40.  He also adds claims against the WSBA and the affiliated individuals and entities

11  for monetary damages.  Id. at 39.  He specifically disclaims any damages claim against

12  the Supreme Court Defendants.  Dkt. # 57 at 4.

13          After filing suit in this Court, Plaintiff moved the Washington Supreme Court for

14  an enlargement of time to file his appeal.  Dkt. # 20-1 at 45–49.  On June 18, 2012, the

15  Washington Supreme Court issued an order disbarring Plaintiff.  Dkt. # 50 at 4.  That

16  order took effect on June 25, 2012.  Id.

17                                  **II.  DISCUSSION**

18          Once again, Plaintiff asks this Court to award him injunctive and declaratory

19  relief.[2]  Dkt. # 43.  And, once again, each Defendant moves the Court to dismiss those

20  requests under a variety of theories.  Dkt. # 49.  Of them, the Court need only consider

21  one:  the Younger abstention doctrine.

22

23

24          [2]  The Court notes that the present motions do not concern Plaintiff's request for

25  damages, which are particular to the WSBA Defendants.

26  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

1    The elements of the doctrine are straightforward:  "If a state-initiated proceeding

2    is ongoing, and if it implicates important state interests . . . , and if the federal litigant is

3    not barred from litigating federal constitutional issues in that proceeding, then a federal

4    court action that would enjoin the proceeding, or have the practical effect of doing so,

5    would interfere in a way that Younger disapproves."  Gilbertson v. Albright, 381 F.3d

6    965, 978 (9th Cir. 2004) (en banc) (overruling Green v. City of Tucson, 255 F.3d 1086,

7    1098, 1102 (9th Cir. 2001) (en banc), to the extent it required "'direct interference' as a

8    condition, or threshold element, of Younger abstention").  Accordingly, when a federal

9    claim for injunctive or declaratory relief is brought and is not "'wholly unrelated' to the

10   issues in the pending state proceeding," id. at 918 n.14, "dismissal (and only dismissal) is

11   appropriate" absent a demonstrated showing of extraordinary circumstances.  Id. at 981.[3]

12   With this framework in mind, the Court turns to the facts of this case.  In regard to

13   the first abstention element, the Court disagrees with Plaintiff's contention that the

14   Washington Supreme Court's disbarment order negates Younger's application.  To the

15   contrary, "[t]he critical date for purposes of deciding whether abstention principles apply

16   is the date the federal action is filed."  Gilbertson, 381 F.3d at 969 n.4.  "In other words,

17   Younger abstention requires that the federal courts abstain when state court proceedings

18   were ongoing at the time the federal action was filed," regardless of whether "the state

19   court proceedings had ended prior to the district court's decision to abstain."  Beltran v.

20   State of California, 871 F.2d 777, 782 (9th Cir. 1988).  Thus, because the very state court

21   proceedings Plaintiff sought to enjoin or otherwise interfere with, see Samuels v.

22   Mackell, 401 U.S. 66, 73 (1971), "were ongoing at the time [Plaintiff's] federal action

23

24   _____

25   [3] Notably, claims for money damages are subject only to stay under Younger, not
     dismissal.  Gilbertson, 381 F.3d at 982.

26   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

was filed," the first <u>Younger</u> element is met.  <u>See</u> <u>Middlesex Cnty. Ethics Comm. v.</u> <u>Garden State Bar Ass'n</u>, 457 U.S. 423, 432–33 (1982) (concluding that "state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding").

The Court likewise finds that the bar proceedings in this case "implicate[] important state interests." <u>Gilbertson</u>, 381 F.3d at 978.  As found by the Supreme Court, states have "an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." <u>Middlesex</u>, 457 U.S. at 432–33.

Finally, the Court finds that Plaintiff had ample opportunity to present his federal constitutional claims in the preceding below.  Again as in <u>Middlesex</u>, at a minimum, Plaintiff had the opportunity to present his constitutional claims to the Washington Supreme Court.  <u>Cf. id.</u> at 436.  Nothing more is required.  <u>See</u> <u>Gilbertson</u>, 381 F.3d at 983.  Plaintiff's "failure to avail himself of the opportunity does not mean that the state procedures are inadequate." <u>Id.</u>; <u>accord</u> <u>Juidice v. Vail</u>, 430 U.S. 327, 337 (1977) ("Appellees need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, . . . and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate.").

Having concluded that each of the <u>Younger</u> abstention elements are met, the Court must next consider whether it should decline to abstain because Plaintiff has demonstrated that extraordinary circumstances are present.  Generously construed, Plaintiff argues three tenable examples of extraordinary circumstances:  first, that his claims involve First Amendment concerns that are "particularly unsuitable for Abstention," Dkt. # 57 at 12; second, that the hearing officer was biased against him due to her employer's affiliation with the WSBA, Dkt. # 8 at 9; and, third, that his initial hearing was conducted in bad faith, Dkt. # 8 at 9–11.  None suffice.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

1   First, Younger itself held, "We do not think . . . that a federal court can properly

2   enjoin enforcement of a statute solely on the basis of a showing that the statute 'on its

3   face' abridges First Amendment rights."[4]   Younger, 401 U.S. at 53–54.  To the contrary,

4   First Amendment concerns amount to extraordinary circumstances only when "the

5   challenged provision is flagrantly and patently violative of express constitutional

6   prohibitions in every clause, sentence and paragraph, and in whatever manner and

7   against whomever an effort might be made to apply it."  Potrero Hills Landfill, Inc. v.

8   Cnty. of Solano, 657 F.3d 876, 884 n.9 (9th Cir. 2011) (internal quotation marks

9   omitted) (quoting Younger, 401 U.S. at 53–54 (citation omitted)).  And in this case,

10  Plaintiff alleges nothing more than that one of the Washington's Rules of Professional

11  Conduct he was found to have violated is unconstitutionally vague:  "RPC 3.1

12  ("frivolous conduct") is so vague, it is not susceptible to severance or a saving/limiting

13  construction in state court."  Dkt. # 57 at 12.  That is not enough.  See, e.g., Middlesex,

14  457 U.S. at 432–33 (concluding that Younger abstention applied even though the

15  attorney-plaintiffs "charged that the disciplinary rules were facially vague and

16  overbroad" under the First Amendment).

17  Second, "one who alleges bias must overcome a presumption of honesty and

18  integrity in those serving as adjudicators," Hirsh v. Justices of Sup. Ct. of State of Cal.,

19  67 F.3d 708, 713 (9th Cir. 1995) (citations and internal quotation marks omitted), and

20  Plaintiff's bare-bones allegation that his hearing officer was biased against him because

21  she was employed by an individual on the WSBA's "Judicial Selection Committee,"

22  Dkt. # 8 at 9, falls woefully short of that standard.  See Withrow v. Larkin, 421 U.S. 35,

23  47 (1975).  Frankly, it does not even amount to a plausible allegation.  See Ashcroft v.

24

25      [4] Not one of the case relied upon by Plaintiff to support his position regarding his First
Amendment claim concerns abstention in the Younger context.

26  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6

1   *Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

2   544, 570 (2007)).  Moreover, Plaintiff does not assert any bias on the part of the

3   Washington Supreme Court or even the Disciplinary Board that reviewed and adopted

4   the hearing officer's findings and recommendations.  Accordingly, the Court could not

5   find that "the <u>state forum</u> [wa]s 'incompetent by reason of bias." <u>Potrero</u>, 657 F.3d at

6   884 n.9 (emphasis added); <u>see</u> <u>Gilbertson</u>, 381 F.3d at 983.

7           And, third, the Court finds that Plaintiff has presented no plausible evidence that

8   the "state proceeding [were] motivated by a desire to harass or [were] conducted in bad

9   faith." <u>Potrero</u>, 657 F.3d at 884 n.9.  Plaintiff's allegation that the WSBA has primarily

10  disciplined independent solo practitioners does not state even a plausible claim of bad

11  faith.  It is just as easily explained by the fact that solo practitioners have less inherent

12  oversight or that those individual attorneys were actually acting inappropriately.  <u>See</u>

13  <u>Iqbal</u>, 129 S. Ct. at 1949 (If "a complaint pleads facts that are merely consistent with a

14  defendant's liability, it stops short of the line between possibility and plausibility of

15  entitlement to relief." (citation and internal quotation marks omitted)).  Moreover, each

16  and every allegation of bad faith made by Plaintiff, Dkt. # 8 at 9–11, is based solely on

17  actions allegedly taken by the hearing officer.[5]  He raises no complaint against the

18  Disciplinary Board or the Washington Supreme Court and thus cannot demonstrate that

19  the entirety of the proceedings were either "motivated by a desire to harass or [were]

20  conducted in bad faith." <u>Potrero</u>, 657 F.3d at 884 n.9.

21  _____

22          [5]  The Court thinks it worthwhile to note that many of Plaintiff's claims are in fact
    refuted by the documentary evidence filed in this case.  For example, Plaintiff alleges that "[t]he

23  Hearing Officer found Grundstein changed a felony charge to a misdemeanor in order to
    purchase a gun sometime in the past (2002, 2003?)."  Dkt. # 8 at 11.  However, the officer's

24  findings plainly state: "Respondent admitted that he altered [the court's order] to reflect that he
    was only charged with a fourth degree misdemeanor <u>as opposed to a first degree misdemeanor</u>."

25  Dkt. # 20-1 at 5 (emphasis added).

26  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7

1    In sum then, the Court finds that the <u>Younger</u> abstention doctrine applies to

2    Plaintiff's claims for injunctive and declaratory relief and that "no bad faith, harassment,

3    or other exceptional circumstances" exist to preclude abstention.  <u>See Middlesex</u>, 457

4    U.S. at 437.  Accordingly, as to those claims, "dismissal (and only dismissal) is

5    appropriate."  <u>Gilbertson</u>, 381 F.3d at 981.

6                        **III.  CONCLUSION**

7    For all of the foregoing reasons, the Court DENIES Plaintiff's motion for a

8    preliminary injunction (Dkt. # 43) and GRANTS Defendants' motion to dismiss (Dkt. #

9    49) Plaintiff's claims for injunctive and declaratory relief under the <u>Younger</u> abstention

10   doctrine with prejudice.  <u>See Gilbertson</u>, 381 F.3d at 981 ("When an injunction is sought

11   and <u>Younger</u> applies, it makes sense to abstain, that is, to refrain from exercising

12   jurisdiction, <u>permanently</u> by dismissing the federal action because the federal court is

13   only being asked to stop the state proceeding." (emphasis in original)); <u>Rosenthal v.

14   Carr</u>, 614 F.2d 1219, 1220 (9th Cir. 1980) (affirming the dismissal with prejudice under

15   <u>Younger</u> of an attorney's suit against the California State Bar "for preliminary and

16   permanent injunctions and for declaratory relief under 42 U.S.C. § 1983").  Practically

17   speaking, this results in the dismissal of all claims against the Supreme Court Defendants

18   in this action.  Only Plaintiff's damage claims against the WSBA and the individuals and

19   entities affiliated with it remain.  <u>Cf.</u> Dkt. # 53.

20

21   DATED this 13th day of August, 2012.

22

23                        *MMt S Lasnik*

24                        Robert S. Lasnik
                          United States District Judge

25

26   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8