1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT GRUNDSTEIN,

               Plaintiff,

    vs.

WASHINGTON STATE BAR
ASSOCIATION, *et al.*,

               Defendants.

Case No. C12-569RSL


ORDER GRANTING IN PART
DEFENDANTS' MOTION TO
DISMISS

16

17

18

19

      This matter comes before the Court on the WSBA Defendants' "Motion for

Dismissal with Prejudice and Imposition of Bar Order Pursuant to 28 U.S.C. § 1651"

(Dkt. # 53).[1]  The Court GRANTS the motion IN PART.  It DISMISSES Plaintiff's

remaining claims WITH PREJUDICE but DENIES the request for a pre-filing order.

20

**I.  BACKGROUND**

21

22

23

      The Court detailed the history of this case in its prior Order dismissing with

prejudice Plaintiff's claims for injunctive and declaratory relief.  Dkt. # 73.  It

24

25

     [1]  The WSBA Defendants include the Washington State Bar Association, "Bar Counsel"
Linda Eide, "Hearing Officer" Lisa Hammel, Douglas J. Ende, and Williams & Williams P.C.
Plaintiff has asserted claims against each of the individuals in his or her personal capacity.

26

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 1

incorporates that history herein by reference.  The Court notes that only Plaintiff's

monetary claims against each WSBA Defendant remain at issue in this matter.  Id. at 8.

## II.  DISCUSSION

### A.  Motion to Dismiss

Defendants ask the Court to dismiss Plaintiff's remaining claims on two grounds.[2]

First, they argue that he has failed to allege sufficient facts to state a plausible claim for

relief. Dkt. # 53 at 13–14.  Second, they assert that, as quasi-judicial officers and

entities, they are immune from his suit.  Id. at 15–20.  In his response, Plaintiff argues

that he "has alleged many conventionally recognized causes of action." Dkt. # 67 at 10.

And he asserts that none of the Defendants can claim immunity, arguing that Ms. Eide is

liable as a complaining witness, id. at 11–12, that Ms. Hammel is liable for acting

without jurisdiction, id. at 12–13, and that, because each is liable, so are the WSBA and

Williams & Williams P.C.[3]

The Court considers the merit of Defendants' motion on a Defendant-by-

Defendant basis.

### 1.  Mr. Douglass J. Ende

The Court starts its inquiry with Defendant Ende.  "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true,[4] to 'state a

claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

---

[2] The Court notes that Defendants filed their motion prior to this Court's dismissal of
Plaintiff's requests for declaratory and injunctive relief.  See Dkt. # 73.  The Court disregards
those portions of each party's briefs that are no longer at issue.

[3] Plaintiff does not reference Mr. Ende in his opposition.

[4] "We accept as true all well-pleaded allegations of material fact, and construe them in
the light most favorable to the non-moving party."  Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d
992, 998 (9th Cir. 2010).

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 2

1   (footnote added) (quoting <u>Twombly</u>, 550 U.S. at 570).  This standard "asks for more than

2   a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>  It "must contain sufficient

3   allegations of underlying facts" to "plausibly suggest an entitlement to relief, such that it

4   is not unfair to require the opposing party to be subjected to the expense of discovery

5   and continued litigation." <u>Starr v. Baca</u>, 652 F.3d 1202, 1215–16 (9th Cir. 2011).  Thus,

6   "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

7   elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders

8   'naked assertion[s]' devoid of 'further factual enhancement.'"  <u>Iqbal</u>, 556 U.S. at 678

9   (citation omitted).  A plaintiff must plead sufficient "factual content [to] allow[] the court

10  to draw the reasonable inference that the defendant is liable for the misconduct alleged."

11  <u>Id.</u>

12          As to Defendant Ende, Plaintiff has failed to meet this standard.  The totality of

13  Plaintiff's factual allegations about Mr. Ende are that Plaintiff spoke with him in

14  February 2008 about the substance of what would become the 2010 charges and that,

15  after they spoke, "Mr. Ende seemed satisfied and no Bar charges were brought."

16  Amended Complaint (Dkt. # 43) at 7, 21.  Obviously, these allegations do not permit the

17  Court to the court to draw any inference, let alone a reasonable one, that Mr. Ende has

18  any liability for the misconduct Plaintiff alleges occurred in 2010.  <u>See generally</u> <u>id.</u>

19  (alleging misconduct on the part of Ms. Eide and Ms. Hammel in bringing and

20  maintaining disciplinary proceedings against Plaintiff in 2010).  The Court therefore

21  DISMISSES Plaintiff's claims against him.  <u>See</u> Fed. R. Civ. P. 12(b)(6).

22          **2.  Ms. Linda Eide**

23          The Court turns next to the viability of Plaintiff's claims against Ms. Eide.  It

24  finds at the outset that Plaintiff has alleged sufficient facts to state a plausible claim in

25

26

1   the absence of immunity.  See Dkt. # 43 at 8–21.  Accordingly, the Court must consider

2   her contention that she is absolutely immune from Plaintiff's claims as a quasi-judicial

3   officer.  See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Like other forms of official

4   immunity, judicial immunity is an immunity from suit, not just from ultimate assessment

5   of damages.").

6          The Court starts with the facts.  According to Plaintiff, Ms. Eide's liability stems

7   from her actions as a "Prosecuting attorney for the Bar."  E.g., Dkt. # 8 at 9.  As he

8   alleges, "Defendant Linda Eide filed a Disciplinary Complaint against" him in

9   November 2010, id. at 8, and thereafter "concealed Grundstein['s] exculpatory evidence

10  and exhibits during trial and after," "instructed witness attorney Ronald Meltzer to

11  falsify evidence and testify falsely with respect to the state of the law pertinent to

12  subpoenas and Grundstein[']s conduct," id. at 14, and illegally amended the "Formal

13  Complaint" against him, id. at 19–20; id. at 10–11, among other things.

14         The difficulty for Plaintiff is the law.  It is a black-letter principle that "[a]

15  prosecuting attorney, as a quasi-judicial officer, enjoys immunity from suit under the

16  Civil Rights Act insofar as his prosecuting functions are concerned."  Clark v. State of

17  Wash., 366 F.2d 678, 681 (9th Cir. 1966).  And the Ninth Circuit has repeatedly held

18  that "Bar Court judges and prosecutors," no less than ordinary judges and prosecutors,

19  are subject to the same protection, i.e., they "are immune from damages."  Hirsh v.

20  Justices of Sup. Ct. of State of Cal., 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) ("The

21  Bar Court judges and prosecutors have quasi-judicial immunity from monetary

22  damages."); accord Clark, 366 F.2d at 681 ("'[T]he key to the immunity previously held

23  to be protective to the prosecuting attorney is that the acts, alleged to have been

24  wrongful, were committed by the office in the performance of an integral part of the

25

26  ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 4

1   judicial process.'  As an arm of the Washington Supreme Court in connection with

2   disciplinary proceedings, the Bar Association is an 'integral part of the judicial process'

3   and is therefore entitled to the same immunity which is afforded to prosecuting attorneys

4   in that state." (citation omitted)).[5]

5         To overcome this bar, Plaintiff invokes an exception.  He contends that Ms. Eide

6   cannot claim the benefit of absolute immunity because she acted as "complaining

7   witness," not a prosecutor.  See Kalina v. Fletcher, 522 U.S. 118, 129 (1997).  The Court

8   disagrees.  While it is true that a prosecutor is not absolutely immune from liability for

9   acts performed "as a complaining witness rather than a lawyer," id., Plaintiff has not

10  identified any actions taken by Ms. Eide that are not squarely protected.  For example,

11  the Supreme Court has held that absolute prosecutorial immunity precludes a claim that a

12  prosecutor "'with intent, and on other occasions with negligence' allowed [a witness] to

13  give false testimony."  Imbler v. Pachtman, 424 U.S. 409, 416, 430–31 (1976) ("We hold

14  only that in initiating a prosecution and in presenting the State's case, the prosecutor is

15  immune from a civil suit for damages under § 1983." (emphasis added)).  The same is

16  true of "acts undertaken by a prosecutor in preparing for the initiation of judicial

17  proceedings or for trial, and which occur in the course of his role as an advocate for the

18  State," including the preparation and filing of formal charging documents.  Id. at 126,

19  128–29 ("These cases make it quite clear that petitioner's activities in connection with

20

21       [5]  The circumstances of this case are distinct from those in Miller v. Wash. State Bar

22  Ass'n, wherein a Bar disciplinary committee was denied immunity for actions performed in an
     administrative capacity without any possibility for review.  679 F.2d 1313, 1315–16 (9th Cir.

23  1982).  Here, unlike in Miller, Defendants are being sued for their quasi-judicial actions.  And
     because "hearings are adversarial, errors are correctable on appeal, the judges make factual

24  findings and perform other adjudicatory functions, and Bar Court decisions are controversial
     enough to stimulate harassing damage actions against the adjudicators," they may assert

25  immunity.  Hirsh, 67 F.3d at 715 (citing Butz v. Economou, 438 U.S. 478, 511–17 (1978)).

26  ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 5

the preparation and filing of two of the three charging documents—the information and

the motion for an arrest warrant—are protected by absolute immunity.").

In short, contrary to Plaintiff's assertion, the mere fact that Ms. Eide filed the

formal complaint against him does not render her a complaining witness. Id. at 129.

Because Plaintiff's claims do not stem from any allegation that Ms. Eide personally

attested to the truth of any assertions or evidence contained in the formal complaint

against him, she retains her absolute immunity. Id. ("Indeed, except for her act in

personally attesting to the truth of the averments in the certification, it seems equally

clear that the preparation and filing of the [arrest warrant] was part of the advocate's

function as well."). The Court thus DISMISSES his claims against her.

### 3. Ms. Lisa Hammel

The Court next considers Plaintiff's claims against Ms. Hammel. For the reasons

discussed, it turns directly to the issue of immunity.

As with Ms. Eide, each of Plaintiff's claims against Ms. Hammel stem from her

role in the disciplinary proceedings against him. As he alleges, "Hearing Officer

Hammel accommodated Bar Prosecutor Eide by consistently hiding exculpatory

evidence favorable to Grundstein, refusing to recuse herself on the basis of bias, refusing

to rule on jurisdictional issues which would dismiss Bar's case prior to hearing and by

allowing Bar to amend it's complaint 8 times at hearing and change it's requested

sanction from 'probation' to 'disbarment', [sic] without notice," among other things.

Dkt. # 8 at 14 (alleging also that "Hearing Officer Hammel accommodated Bar

Prosecutor Eide by finding that a 4th degree misdemeanor statute (ORC 549.04(c) was a

felony and finding that the record of this misdemeanor was altered to hide it's [sic]

misdemeanor character[)]").[6]  Accordingly, Ms. Hammel is absolutely immune from suit

on account of these actions, <u>Hirsh</u>, 67 F.3d at 715, unless either of two limited

circumstances apply:  "First, a judge is not immune from liability for nonjudicial actions,

i.e., actions not taken in the judge's judicial capacity."  <u>Mireles</u>, 502 U.S. at 11 (citations

omitted).  "Second, a judge is not immune for actions, though judicial in nature, taken in

the complete absence of all jurisdiction."  <u>Id.</u> at 12 (citations omitted).

    The Court has no difficulty finding the first exception unmet.  As explained by the

Supreme Court, "whether an act by a judge is a 'judicial' one relate[s] to the nature of

the act itself, i.e., whether it is a function normally performed by a judge, and to the

expectations of the parties, i.e., whether they dealt with the judge in his judicial

capacity."  <u>Id.</u> at 12 (some internal quotation marks omitted) (alteration in original)

(quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978)).  And, plainly, each of the acts

about which Plaintiff complains—her evidentiary and other rulings—is a "function

normally performed by a judge."  <u>See id.</u> (quoting <u>Stump</u>, 435 U.S. at 362).  As a result,

it simply does not matter for purposes of immunity that Plaintiff believes she acted

erroneously, <u>id.</u> at 12–13 ("If judicial immunity means anything, it means that a judge

'will not be deprived of immunity because the action he took was in error . . . or was in

excess of his authority.'" (citation omitted)), or even in bad faith, <u>id.</u> at 11.  Simply put,

_____

    [6]  The Court has previously noted that the documentary record refutes many of
Plaintiff's allegations.  <u>See</u> Dkt. # 73 at 7 n.5.  For example, in contrast to Plaintiff's allegation
that Ms Hammel "found Grundstein changed a felony charge to a misdemeanor in order to
purchase a gun sometime in the past (2002, 2003?)," Dkt. # 8 at 11; <u>see</u> id. at 14, her findings
plainly state: 'Respondent admitted that he altered [the court's order] to reflect that he was only
charged with a fourth degree misdemeanor <u>as opposed to a first degree misdemeanor</u>," Dkt. #
20-1 at 5 (emphasis added).  The Court is not required to accept such allegations as true.
<u>Daniels-Hall</u> , 629 F.3d at 998 ("We are not, however, required to accept as true allegations that
contradict exhibits attached to the Complaint or matters properly subject to judicial notice . . .
.").

1    "immunity applies even when the judge is accused of acting maliciously and corruptly."

2    Pierson v. Ray, 386 U.S. 547, 554 (1967); accord Mireles, 502 U.S. at 11.

3          The second exception is similarly unmet.  The crux of Plaintiff's position is that

4    the disciplinary proceedings against him were defective because Ms. Hammel acted

5    "without territorial, in personam or subject matter jurisdiction."  Dkt. # 8 at 6–7.  But as

6    the Ninth Circuit has explained, "In determining judicial immunity, we have

7    distinguished between acts 'in excess of jurisdiction' and acts 'in the clear absence of

8    jurisdiction' by looking to the subject-matter jurisdiction of the judge:  '[a] clear absence

9    of all jurisdiction means a clear lack of all subject matter jurisdiction.'"  Miller v. Davis,

10   521 F.3d 1142, 1147 (9th Cir. 2008) (emphasis added).  And the Court finds that

11   Plaintiff has wholly failed to allege any facts that plausibly support his position that Ms.

12   Hammel lacked subject matter jurisdiction over his disciplinary hearings.  To the

13   contrary, it is indisputable that the Washington Supreme Court "bears the ultimate

14   responsibility for lawyer discipline in Washington."  In re Disciplinary Proceeding

15   Against Scannell, 169 Wn.2d 723, 737 (2010); accord Washington Rule for Enforcement

16   of Lawyer Conduct ("ELC") 2.1 ("The Washington Supreme Court has exclusive

17   responsibility in the state to administer the lawyer discipline and disability system and

18   has inherent power to maintain appropriate standards of professional conduct and to

19   dispose of individual cases of lawyer discipline and disability.").  And, as a hearing

20   officer, Ms. Hammel acted under that court's authority.  Compare ELC 2.1 ("Persons

21   carrying out the functions set forth in these rules act under the Supreme Court's

22   authority."), with ELC 2.5(a) ("A hearing officer or panel to whom a case has been

23   assigned for hearing conducts the hearing and performs other functions as provided

24   under these rules.").  Plaintiff's assertions of procedural and other improprieties are thus,

25   again, simply immaterial to the question of Ms. Hammel's immunity.  Stump, 435 U.S.

26   ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 8

at 362 (rejecting the assertion that a judge acted without jurisdiction "because of his failure to comply with elementary principles of procedural due process").

In sum then, the Court finds that Ms. Hammel is absolutely immune from Plaintiff's claims.  Her acts were judicial and within her jurisdiction as a hearing officer.

### 4. The Washington State Bar Association and Williams & Williams P.C.

Finally, the Court considers the liability of the WSBA and Williams & Williams P.C.

Plaintiff's claims against the WSBA directly are precluded by the Eleventh Amendment.  See Hirsh, 67 F.3d at 715 ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court.").[7]  And the Court finds that Plaintiff's claims against Williams & Williams P.C., which are premised entirely on a theory of vicarious liability for the acts of Ms. Hammel, are foreclosed by the fact that Ms. Hammel is absolutely immune from his claims.

## B.  Request for a Pre-Filing Order

Having concluded that each of the remaining Defendants are immune from Plaintiff's claims against them, the Court considers the request for a pre-filing order.

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  And while "[c]ourts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts," id., "'[f]lagrant abuse of the judicial process

---

[7]  Were Plaintiff to sue any of the individual Defendants in his or her official capacity, that claim would also be foreclosed by the Eleventh Amendment.  Hirsh, 67 F.3d at 715.

1  cannot be tolerated because it enables one person to preempt the use of judicial time that

2  properly could be used to consider the meritorious claims of other litigants,'" id.

3  (quoting De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990)).

4          In determining whether an order is appropriate, district courts must consider four

5  factors: "First, the litigant must be given notice and a chance to be heard before the

6  order is entered." Id. "Second, the district court must compile 'an adequate record for

7  review.'" Id. (quoting De Long, 912 F.2d at 1147). "Third, the district court must make

8  substantive findings about the frivolous or harassing nature of the plaintiff's litigation."

9  Id. "Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the

10 specific vice encountered.'" Id. (quoting De Long, 912 F.2d at 1147).

11         In this case, the Court does not need to look any further than the third factor to

12 conclude that a pre-filing order is not yet warranted. "[P]re-filing orders are an extreme

13 remedy that should rarely be used." Id. And though Plaintiff has certainly exhibited a

14 pattern of vexatious tactics in other matters—both related and unrelated to the subject

15 matter of this case—this is only the second federal claim Plaintiff has filed in this matter

16 and the first to be dismissed on the merits with prejudice. Accordingly, while Plaintiff's

17 actions come extremely close to the line between "inexperience[d]," yet earnest attempts

18 to correct a perceived injustice, see Dkt. # 65 at 17, and patently frivolous and harassing

19 conduct, the Court is willing to give him the benefit of the doubt at this time.

20                                  **III. CONCLUSION**

21         For all of the foregoing reasons, the Court GRANTS Defendants' motion IN

22 PART. It DISMISSES Plaintiff's remaining claims against the WSBA Defendants

23 WITH PREJUDICE but DENIES their request for a pre-filing order. The Clerk of Court

24 is directed to enter judgment against Plaintiff in favor of each of the Defendants.

25

26 ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS - 10

DATED this 7th day of September, 2012.

*MM S Lasnik*
Robert S. Lasnik
United States District Judge